

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam Bain
County Attorney
Leon County
Centerville, Texas

Dear Sir:

Opinion No. 0-2487
Re: 1. Is it necessary
that a precinct chair-
man resign before run-
ning for the office of
county commissioner?
2. May a precinct chair-
man who is seeking another
office appoint some person
to continue the duties of
his office until his term
expires?

Your letter requesting the opinion of this depart-
ment is as follows:

"1. Would a precinct chairman, who is
not seeking re-election for that office, but
is running for county commissioner be required
by law to resign his precinct chairman's of-
fice in order to have his name placed on bal-
lot for commissioner.

"2. Could a precinct chairman who is
seeking another office appoint some other per-
son to conduct the primary election and hold
his precinct chairman's office until his term
expires."

In the brief accompanying your letter you raise the
question of a conflict between Article 2940, Revised Civil
Statutes, and the resume of A. G. Opinion No. 0-2278 found in
the May issue of Attorney General's Opinion Reports. For
your convenience we are enclosing a copy of said opinion, a
study of which will explain the slightly misleading resume.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Your first question is fully answered by our Opinion No. O-2276, which reads in part:

"Your letter requesting the opinion of this department is as follows:

"'The present County Chairman of Houston is contemplating running for the State Legislature. The question has arisen and will arise at the next Committee meeting whether he should resign as County Chairman before the election, should he make the race aforesaid.

"'* * *.'

"Any eligible person may become a candidate for the office of Representative in the State Legislature and have his name printed upon the ballot, unless some statute of the State forbids.

"* * *.

"Whether or not the mere candidacy of the chairman for another office would ipso facto as matter of law vacate his office of county chairman, we need not decide and do not decide.

"We find nothing in the statutes nor in the decisions that would make the present county chairman of your county ineligible for another office to be filled at the approaching primary election, or that would prevent his name being printed upon the ballots at the approaching election or elections as a candidate for the office he seeks.

"* * *."

The opinion from which we have just quoted holds that it is not necessary for a county chairman to first resign his chairmanship before he announces as a candidate for another office. That holding also applies to a precinct chairman. The question of whether or not a county or precinct chairman ipso facto vacates his chairmanship when he becomes a candidate

Honorable Sam Bain, Page 3

for a civil office was not considered in said opinion. We believe that this point is now raised by your second question.

Article 2940, Revised Civil Statutes, as amended, Acts 46th Legislature, p. 294, in part, reads as follows:

"No one who holds an office of profit or trust under the United States or this State, or in any city or town in this State, or within thirty (30) days after resigning or being dismissed from any such office, except a notary public, or who is a candidate for office, or who has not paid his Poll Tax, shall act as judge, clerk or supervisor of any election; nor shall anyone act as chairman or as member of any District, County or City Executive Committee of a political party who has not paid his Poll Tax, or who is a candidate for office, or who holds any office of profit or trust under either the United States or this State, or in any city or town in this State; . . ." (Underscoring ours)

The underscored part of said article makes it very clear that a person cannot act as chairman or member of any district, county or city executive committee of a political party who is a candidate for a civil office. It, therefore, logically follows that when such a committeeman becomes a candidate for a civil office he has by his own act disqualified himself from further serving his party as committeeman and his political office of committeeman ipso facto becomes vacant.

The answer to your second question is controlled by Article 3116, Revised Civil Statutes of Texas, Acts of the 1st Called Session, 1905, at p. 549:

"There shall be for each political party required by this law to hold primary elections for nomination of its candidates, a county executive committee, to be composed of a county chairman, and one member from each election precinct in such county; the committeeman from such election precinct shall be chairman of his election precinct, and the said county chairman shall be elected on the general

primary election day; the county chairman by the qualified voters of the whole county, <u>and the precinct chairman by the qualified voters of their respective election precincts. Said county and precinct chairman shall assume the duties of their respective offices on Saturday following the run-off primary immediately after the committee has declared the results of the run-off primary election.</u> Said county chairman shall be ex-officio a member of the executive committee of all districts of which his county is a part, and the district committee thus formed shall elect its own chairman. <u>Any vacancy in the office of chairman, county or precinct, or any member of such committee shall be filled by a majority vote of said executive committee.</u> The list of election precinct chairmen and the county chairmen so elected, shall be certified by the county convention to the county clerk, along with the other nominees of said party. If there are no requests filed for candidates for county and precinct chairman, a blank space shall be left on the ticket beneath the designation of such position. Acts, 1st C.S. 1905, p. 549." (Underscoring ours)

This article outlines the procedure for the election of the precinct chairman and the procedure for filling a vacancy in the office. Accordingly, it may be filled only by election by the people or, in case of a vacancy, by election by the executive committee.

We, therefore, respectfully advise that both questions, Nos. 1 and 2, must be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Frederik B. Isely
Assistant

APPROVED JUL 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BI:RW


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN